IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

WILLIAM MOORE,

      Petitioner,                    No. CIV S-07-0423 LKK EFB P

     vs.

KEN CLARK,

      Respondent.                FINDINGS & RECOMMENDATIONS

_____/

     Petitioner is a state prisoner proceeding pro se with an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges a May 23, 2002, judgment of conviction entered against him in Nevada County on charges of continuous sexual abuse of a child under age 14, two counts of oral copulation of a person under age 16 by a person over the age of 21, two counts of lewd and lascivious acts on a child 14 or 15 years old and at least 10 years younger than him, two counts of foreign object penetration of a person under age 16 by a person over age 21, and two counts of unlawful sexual intercourse with a person under age 16 by a person age 21 or over. He was sentenced to a determinate state prison term of 18 years. Resp.'s Mot. to Dism., Docs. Lodged Aug. 15, 2007 in Supp. Thereof ("Lod. Doc."), Docs. 1-2. On April 4, 2007, petitioner filed a motion to stay the proceedings pending exhaustion of claims currently being litigated in state court. On May 10, 2007, respondent filed an opposition to that

motion together with a motion to dismiss on the basis that the petition is untimely as it was filed beyond the one-year statute of limitations period provided for in the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA).

**I.     Procedural Background**

On January 20, 2004, the Third District Court of Appeal affirmed the judgment against petitioner.  Lod. Doc. 2.  Petitioner sought review in the California Supreme Court which was denied on April 14, 2004.  Lod. Docs. 3-4.

Petitioner subsequently filed in state court four pro se post-conviction collateral challenges listed below chronologically:

**A.  The First Petition**

December 16, 2003: Petition for writ of habeas corpus filed in the Third District Court of Appeal.  Lod. Doc. 5;

January 29, 2004:  Petition denied.  Lod. Doc. 6.

**B.  The Second Petition**

February 3, 2004:  Petition for writ of habeas corpus filed in the Nevada County Superior Court.  Lod. Doc. 7;

July 28, 2004:  Petition denied.  Lod. Doc. 8.

**C.  The Third Petition**

January 19, 2005: Petition for writ of habeas corpus filed in the Third District Court of Appeal.  Lod. Doc. 9;

May 12, 2005:  Petition denied.  Lod. Doc. 10.

**D.  The Fourth Petition**

June 24, 2005:  Petition for writ of habeas corpus filed in the California Supreme Court.  Lod. Doc. 11;

May 10, 2006:  Petition denied.  Lod. Doc. 12.

Petitioner filed this instant action on March 5, 2007.

...

## II. The Motion to Dismiss

### A. The AEDPA Statute of Limitations

Title 28 U.S.C. § 2244(d)(1) provides as follows:

A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-

    (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    (B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

    (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

On January 20, 2004, the Third District Court of Appeal affirmed the judgment. Lod. Doc. 2. Petitioner sought review with the California Supreme Court, which was denied on April 14, 2004. Lod. Docs. 3-4. The time to seek direct review ended 90 days later on July 13, 2004, the period in which petitioner could have filed a petition for writ of certiorari with the United States Supreme Court. The one-year limitations period commenced running the following day, on July 14, 2004. *Patterson v. Stewart*, 251 F.3d 1243, 1246 (9th Cir. 2001) (citing Fed. R. Civ. P. 6(a)). Thus, the last day to file a federal petition was on July 13, 2005, plus any time for tolling.

////

////

**B. Tolling**

The proper filing of a state post-conviction application with respect to the pertinent judgment or claim tolls the one-year limitations period. 28 U.S.C. § 2244(d)(2). Here, petitioner filed four state collateral actions, all petitions for writs of habeas corpus.

The first petition was filed prior to the effective date of the statute of limitations, and it was denied five months prior to the commencement of the statute of limitations. Lod. Docs. 5-6. A collateral action filed prior to the effective date of the statute of limitations has no tolling effect. *Hill v. Keene,* 948 F. Supp. 157, 159 (E.D.N.Y. 1997). Accordingly, petitioner is not entitled to tolling as regards the first petition.

The second petition was filed on February 3, 2004, more than five months prior to the commencement of the statute of limitations period. That petition was denied on July 28, 2004, 15 days after the commencement of the statute of limitations period. Thus, petitioner is entitled to tolling for the fifteen days, from July 13, 2004 to July 28, 2004.

Petitioner did not file his third petition until almost six months following the denial of his second petition. Lod. Docs. 8-9. The AEDPA statute of limitations is tolled during the pendency of a *properly filed* petition. A petition must be timely to be considered properly filed. Under California's collateral review scheme, an appeal is timely if filed within a "reasonable time." In *Carey v. Saffold*, 536, U.S. 214 (2002), the United States Supreme Court held that the time during which a state application is "pending" includes the period between a lower court's denial of relief and the filing in a higher court, provided that the filing in the higher court is timely under state law. In *Evans v. Chavis*, 546 U.S. 189 (2006), the Supreme Court held that after the California Court of Appeal denied habeas relief, there was an unjustifiable delay of at least six months before Chavis filed a habeas petition in the California Supreme Court. The court found that "six months is far longer than the 'short period[s] of time,' 30 to 60 days, that most states provide for filing an appeal to the state supreme court." *Chavis*, 546 U.S. at 201 (*citing Carey v. Saffold*, 536 U.S. at 219).

4

1 Whether the six-month delay in the instant case was reasonable depends on this court's 2 analysis of petitioner's reasons for the delay. The Supreme Court in *Chavis* held that in the 3 absence of a clear indication by the California Supreme Court that a petition is untimely, "the 4 federal court must itself examine the delay in each case and determine what the state courts 5 would have held in respect to timeliness." *Evans*, 546 U.S. at 198.

6 Petitioner argues that the six-month delay was justified because he was seeking 7 transcripts from his evidentiary hearing during that time, and counsel needed to review, research, 8 and prepare a new petition. The court finds that the delay here was not unreasonable. Federal 9 district courts have found that similar delays were reasonable when similarly justified. In *Osumi* 10 *v. Giurbino*, 445 F.Supp.2d 1152 (C.D. Cal, 2006), the court found that two, three-month delays 11 between petitions did not constitute unreasonable delay where the petitioner in that case 12 presented lengthy briefs requiring substantial revision following denial in the lower court. 13 *Osumi*, 445 F. Supp at 1159 (*citing to Stowers v. Evans*, 2006 WL 829140, 2-3 (E.D. Cal.))(87- 14 day interval between Superior Court's denial of habeas corpus petition and subsequent filing of 15 habeas corpus petition in California Court of Appeal not unreasonable).

16 Accordingly, the court finds that petitioner is entitled to statutory tolling for the period in 17 question. Because petitioner is entitled to tolling for that period, the habeas petition filed in this 18 action was filed within AEDPA's one-year statute of limitations and is therefore timely. The 19 court therefore recommends denying respondent's motion to dismiss.

20 **III.    Motion for Stay and Abeyance**

21 Petitioner seeks to stay the proceedings and hold his petition in abeyance to allow him to 22 return to the state courts to exhaust a new sentencing issue. Respondent opposes this motion 23 solely on the basis that, although 28 U.S.C. § 2244(d)(2) allows for tolling during the pendency 24 of a properly-filed state court action, it does not do so when the effort to achieve exhaustion is 25 commenced after the statute of limitations expired, citing to *Green v. White*, 223 F.3d 1001 (9th 26 Cir. 2000); *Fisher v. Gibson*, 262 F.3d 1135, 1142-3 (10th Cir. 2001); *Payton v. Brigano*, 256

5

F.3d 405, 408 (6th Cir. 2001). Because the court has found that petitioner's instant action was timely filed under AEDPA, the court recommends petitioner's motion for stay and abeyance be granted.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Respondent's May 10, 2007, motion to dismiss be denied;

2. Petitioner's April 4, 2007, motion to stay this action and hold his petition in abeyance be granted;

3. The Clerk be directed to administratively terminate the case pending the completion of exhaustion in state court; and

4. Petitioner be directed to inform the court within thirty days of an order of the California Supreme Court resolving his state habeas proceedings.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated: February 15, 2008.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE