IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM MOORE, ) | |
|     Petitioner, ) | CASE NO.   2:07-cv-423 BJR |
| ) | |
| v. ) | |
| ) | ORDER DISMISSING MOTION |
| ) | TO SUPPRESS, PROTECT AND |
| KEN CLARK, ) | INTERVENE AND MOTION FOR |
|     Respondent. ) | EXTRAORDINARY RELIEF |

This matter comes before the court on Petitioner's February 23, 2009 Motion to Suppress, Protect and Intervene and his January 29, 2010 Motion for Extraordinary Relief. Petitioner is a California state prisoner who filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 in the United States District Court for the Eastern District of California. The matter was transferred to this court on March 2, 2010.

In July 2002 a jury convicted Petitioner of continuous sexual abuse of a child under the age of fourteen and other related criminal acts. He was sentenced to state prison for eighteen years. Petitioner challenges his confinement on several constitutional grounds, including alleged judicial error and insufficiency of evidence.

In the present motions Petitioner contends that the California District Attorney's Office is plotting to kill his extended family in retaliation for his niece's testimony on his behalf at his

1

criminal trial. He also claims that agents from the District Attorney's Office kidnapped his wife and step-daughter and "brainwashed" them into acting against Petitioner. Based on these allegations, Petitioner seeks the following relief: (1) that the court "discover" the "Plot to Kill"; (2) that he receive a change of venue; (3) that the word "Petitioner" be "expanded and construed too[sic] mean William Moore and Kathryn Moore, and treated jointly as husband and wife"; (4) that Petitioner's criminal case be sealed in order to protect his family; (5) that his request for a writ of habeas be granted; and (6) that he be awarded costs and damages in excess of eight million dollars. The State has not responded to these motions.

This court finds that Petitioner's allegations lack any factual support and therefore he fails to state any legally cognizable claim. Moreover, the relief requested by Petitioner is beyond the scope of relief afforded through a writ of habeas corpus. Accordingly, Petitioner's motions will be dismissed *sua sponte* pursuant to Rule 4 of the Rules Governing Section 2254 cases which requires this court to examine and summarily dismiss a habeas petition that plainly appears on its face to lack merit. Inherent in this authority to dismiss an entire habeas petition is the court's authority to dismiss non-dispositive motions.

Based on the foregoing, it is HEREBY ORDERED that Petitioner's Motion to Suppress, Protect and Intervene and Motion for Extraordinary Relief are DISMISSED with prejudice.

DATED this 16th day of April, 2010.

  /s/ Barbara Jacobs Rothstein

Barbara Jacobs Rothstein
U.S. District Court Judge