IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM MOORE,  )<br>         Petitioner,  )<br>                              )<br>         v.            )<br>                              )<br>                              )<br>CLARK, Warden, et al.  )<br>         Respondent.  )<br>_____ | CASE NO.    CIV S-07-423 BJR<br><br>ORDER DENYING REQUEST FOR<br>CERTIFICATE OF APPEALABILITY |

## I.    INTRODUCTION

This matter comes before the court on Petitioner's Request for a Certificate of Appealability. (Dkt. No. 64.) The court hereby DENIES the request, for the reasons described below.

## II.    PRODECURAL HISTORY

Petitioner is a California state prisoner who was convicted of nine felony counts, consisting of one count of continuous sexual abuse of a child, from 1995 to 1999, and eight counts of separate sexual acts with the same child. Petitioner filed a petition for writ of habeas corpus on March 5, 2007 (Dkt. No. 1), which was stayed on March 25, 2008 pending Petitioner's exhaustion of his California state court remedies. (Dkt. No. 30.) The stay was lifted on December 31, 2008 and Petitioner re-noted his petition for federal habeas relief on January 26, 2009. (Dkt.

Nos. 30 and 35.) This court denied the habeas petition on August 6, 2010. (Dkt. No. 60.) Petitioner filed a motion for reconsideration and a request for a certificate of appealability on September 13, 2010. (Dkt. Nos. 62 and 64.) The motion for reconsideration was denied on September 21, 2010. (Dkt. No. 68.)

III. DISCUSSION

A certificate of appealability is required to appeal "the final order in a habeas proceeding in which the detention complained of arises out of process issued by a state court." *See Wilson v. Bellequ*, 554 F.3d 816, 824 (9th Cir. 2009). A district court may issue a certificate "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). *See also Belleque*, 554 F.3d at 825–26. The certificate-of-appealability requirement "constitutes a gatekeeping mechanism that prevents [federal courts] from devoting judicial resources on frivolous issues while at the same time affording habeas petitioners an opportunity to persuade [courts] through briefing and argument of the potential merit of issues that may appear, at first glance, to lack merit." *Lambright v. Stewart*, 220 F.3d 1022, 1025 (9th Cir. 2000).

"Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Petitioner has not made a substantial showing that he was denied a constitutional right, and therefore, is entitled to a certificate of appealability. Indeed, he does not even argue that jurists of reason could disagree with this court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further. Instead, he argues that this court's denial of his habeas petition is in "conflict" with the "old court's order [Filing #49]…" *See* Dkt. No. 64 at 4.[1] Accordingly, he has failed to meet his burden under 28 U.S.C. § 2253(c).

## IV.   CONCLUSION

For the foregoing reasons, the Certificate of Appealability is DENIED.

DATED this 22nd day of September, 2010.

   /s/ Barbara Jacobs Rothstein

Barbara Jacobs Rothstein
U.S. District Court Judge

---

[1] The court assumes that by "old court" Petitioner is referring to Judge Lawrence K. Karlton and Magistrate Judge Edmund F. Brennan to whom this case was assigned prior to being transferred to this court on March 2, 2010. The court also notes that Docket No. 49 is an order from Magistrate Judge Brennan directing Respondent to serve an answer or other responsive pleading to Petitioner's habeas petition within sixty days. The order in no way addresses the merits of Petitioner's claims.